[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION (NO. 109)
The plaintiff has filed a motion for modification of support pursuant to the provisions of § 46b-86(a) of the General Statutes. That provision of the statutes provides in pertinent part as follows:
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate.
A decree of dissolution of the parties' marriage was entered on December 17, 1991. At that time, the court entered orders that the plaintiff pay to the defendant by way of alimony the sum of $350 per month until December 15, 1994 at which time the alimony reduced to $175 per month for a period of two years. The alimony CT Page 1413 both as to term and amount was non modifiable. The agreement of the parties, which was approved by the court, further provided in paragraph 3.4. for support as follows:
 Until such time as the marital residence is sold or the Wife ceases to use the same as her primary residence with the children and does not cohabit or remarry, the Husband shall pay to the Wife the sum of $140.00 per week per child as child support until the children reach the age of eighteen or complete high school, whichever shall later occur. If either child shall be emancipated, such child's support shall terminate. Upon the sale of the marital residence, the parties agree that the support may be modified in accordance with the Child Support Guidelines.
It should be noted that the marital residence has not been sold but that the agreement provides that the marital residence shall be listed for sale no later than March 1, 1996, just slightly more than a year from now.
At the time of the decree the plaintiff's net weekly income was $791.20. At that time he worked for Tie Communications as a sales leader. His base salary was $47,000 — $48,000 annually plus bonuses. He is now employed by EIS International in Stamford, commencing employment with that company January 1, 1993. His position is again in sales, primarily support for a sales group in Central and South America. His base salary is $45,000 annually. As reflected in his current financial affidavit, his weekly salary, excluding the deduction for his employee stock purchase plan is $590.
The defendant continues in her same position as she had in 1991, that is, as a secretary at Allendale Insurance. In 1991 her net weekly income was $325. Her current net weekly income is $400.
The current guidelines provide for weekly support in the amount of $190. The difference between the current order of $280 per week and the guideline amount of $190 is greater than fifteen (15%) percent. In addition, there has been a substantial change in the plaintiff's net income. The provisions of § 46b-86(a) have CT Page 1414 been satisfied, and the court finds there has been a substantial change of circumstances.
The issue of support is controlled by § 46b-84 and § 46b-215b(a) of the General Statutes. Section 46b-215b(a) provides in pertinent part as follows:
 The child support guidelines promulgated pursuant to section 8 of public act 85-548 and any updated guidelines issued pursuant to section 46b-215a shall be considered in all determinations of child support amounts within the state. In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support to be ordered.
Subsection (b) of § 46b-215b provides, in pertinent part, as follows:
 In any proceeding for the establishment or modification of a child support award, the child support guidelines shall be considered in addition to and not in lieu of the criteria for such awards established in sections 46b-84, 46b-86. . . .
Section 46b-84(b) of the statutes provides that the court shall consider the respective abilities of the parents to provide maintenance and the amount thereof, the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills, and employability of each of the parents, and the age, health, station, occupation, educational status and expectancy, amount and sources of income, vocational skills, employability, estate and needs of the child.
There are two children for whom support is to be ordered, Michael, age 11, and Andrew, age 8. The defendant and the two children reside in the marital home. The marital home, valued at $260,000 at the time of the decree, is now valued at $230,000. It was anticipated by the parties that the defendant and the children would remain in the marital home for five years. It is apparent, also, that the parties contemplated that support would remain the same until the house was sold. This is certainly suggested by the CT Page 1415 terms of paragraph 3.4 of the parties' agreement. However, it is more clearly demonstrated by the transcript of the proceedings at the time of the dissolution. At that time the following colloquy took place:
 Examination by plaintiff's attorney of the defendant:
 Q. Mrs. Cardillo, do you understand that the alimony is nonmodifiable as to term and amount?
A. Yes.
 Q. And, you understand that the child support is nonmodifiable?
A. Yes.
 Q. And, that the alimony is nonmodifiable for at least five years, the first three years being at $350, and the second two years at $175?
A. Yes.
(Page 15 of the transcript of testimony before Ballen, J. on December 17, 1991.)
It is clear, then, that the defendant certainly believed support would remain the same until the house was sold so that she would be able to carry her obligations with respect to the house. As noted, this was agreed to occur in another year. As noted, also, the plaintiff, on December 15, 1994 had his alimony obligation reduced by $175 per month and has been working with this lower net income for two years without any request for modification.
There are other factors which the court has considered in reaching a determination in this case. The defendant is 41 years of age and in apparent good health. She is a high school graduate. The plaintiff is apparently of a like age and in apparent good health. He has recently remarried. His present wife is employed but very recently has had to take a leave of CT Page 1416 absence having collapsed at work approximately three weeks ago. The plaintiff has the children with him for visitation every other weekend from Friday at 5:00 p. m. to Sunday evening. On the in between Fridays, he has the boys for dinner. He travels extensively in his job. Other than her 70 percent interest in the equity of the home and the contents of the home, the defendant has no assets other than a 401(K) plan of $774. She has a balance of $20 in her bank account and liabilities of $7100. The plaintiff has $300 in a joint checking account with his wife, an ESPP with $1000, a 401(K) with $13,500 and liabilities of $21,800 plus his 30 percent interest in the home. Of the $21,800 in liabilities, $10,000 is a loan from his parents.
As already noted, § 46b-215b of the General Statutes provides for a rebuttable presumption that the guideline amount is the proper amount for support. In view of the provisions of paragraph 3.4 of the parties' agreement, the apparent intent of the parties at the time of the divorce as evidenced by the transcript as noted and the factors of § 46b-84 of the General Statutes, the court finds that the presumption has been rebutted, finds that the figure for support as provided by the guidelines is $190 per week and finds that it would be inequitable and inappropriate to apply the child support guidelines in this case at this time.
Under the provisions of § 46b-215a-3(b)(6)(F) of the childsupport guidelines deviation criteria, "other equitable factors", the court deviates from the child support guidelines and orders that support as originally entered in the amount of $280 per week ($140 per week per child) shall continue until the house is sold.
The motion for modification is denied.
EDGAR W. BASSICK, III, JUDGE